NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUAN VALDES, | : | |
| Plaintiff, | : | Civ. No. 05-3510 (GEB) |
| v. | : | |
|  | : | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY and NEW JERSEY DEPARTMENT OF CORRECTIONS CORRECTIONAL STAFF TRAINING ACADEMY, | : | |
| Defendants. | : | |

**BROWN, District Judge**

This matter comes before the Court upon defendants' motion to dismiss parts of plaintiff's complaint. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considering the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will grant defendants' motion to dismiss parts of plaintiff's complaint.

**I.  BACKGROUND**

On or about October 31, 2003, defendants State of New Jersey and the New Jersey Department of Corrections Correctional Staff Training Academy, a facility operated by the Department of Corrections, a State Department (referred to collectively as "Defendants"), offered plaintiff Juan Valdes ("Plaintiff") employment with the Department of Corrections and required him to complete the Corrections Officer Training Program ("Program"). Plaintiff practices and

abides by the Muslim religion, which prohibits him from shaving his beard. Plaintiff alleges that he was informed that he would not be allowed to wear any facial hair at the Program. Plaintiff notified Defendants that his religious beliefs prohibit the shaving of his beard, but he was denied an exemption and Defendants rescinded the offer of employment.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and, on or about November 20, 2003, Defendants ultimately granted Plaintiff an exemption allowing him to have facial hair up to one-eighth of an inch in length to accommodate his religious beliefs. Plaintiff commenced the Program and, on or about January 23, 2004, Defendants terminated Plaintiff's employment because, inter alia, he allegedly failed to maintain his beard length at one-eighth of an inch or less.

On or about April 7, 2004, Plaintiff filed a Charge of Discrimination with the EEOC. Following receipt of a Notice of Right to Sue, on or about July 11, 2005, Plaintiff filed his Complaint alleging twelve (12) claims against Defendants. The claims asserted that the stated reasons for Plaintiff's dismissal were pretext in that he was unlawfully discriminated against because of his religion and in retaliation for initially seeking the exemption, and that he was repeatedly harassed about the length of his beard. The Complaint alleged violations of the Equal Protection Clause of the United States Constitution, Article I of the New Jersey Constitution, Title VII of the United States Code, and the New Jersey Law Against Discrimination.

**II. DISCUSSION**

    A. Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted

only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.  Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).  The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be granted under any set of facts that could be proved."  Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ."  Ransom v. Marrazzo, 848 F.2d

3

398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

      B.  Defendants' Motion to Dismiss With Respect To the Section 1983 Claims

Defendants allege that the First, Second, and Third Claims for Relief from the Complaint must be stricken because Defendants are immune from suit in federal court pursuant to Section 1983.  As Defendants note, the Supreme Court has "required an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984)(quoting Quern v. Jordan, 440 U.S. 332, 342 (1979)(holding that Section 1983 does not override States' Eleventh Amendment immunity)).  Therefore, defendant State of New Jersey is immune from suit.  Furthermore, as this Court has held that the New Jersey Department of Corrections is part of the government of the State of New Jersey, defendant New Jersey Department of Corrections Correctional Staff Training Academy is similarly immune from suit.  See Maynard v. New Jersey, 719 F. Supp. 292, 296 (D.N.J. 1989).

    Plaintiff consents to the dismissal of those claims, but requests leave to amend the Complaint to insert proper Section 1983 claims against specific persons.  Plaintiff asserts, and the Court agrees, that leave to amend will not cause any prejudice to Defendants as no discovery has taken place.  Furthermore, leave to amend the pleadings is to "be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Therefore, the First, Second, and Third Claims for Relief from

the Complaint are dismissed with prejudice and Plaintiff is granted leave to file an amended complaint solely for the purposes of alleging Section 1983 claims against specific persons.

    C.  <u>Defendants' Motion to Dismiss With Respect To the State Law Claims</u>

Defendants allege that the Fourth, Fifth, Sixth, Tenth, Eleventh, and Twelfth Claims for Relief from the Complaint must be stricken because the Eleventh Amendment bars this Court from exercising subject matter jurisdiction over those claims. As Defendants note, the Eleventh Amendment bars this Court from exercising subject matter jurisdiction over state law claims against nonconsenting state defendants. <u>Raygor v. Regents of Univ. of Minn.</u>, 534 U.S. 533, 540-41 (2002)(citing <u>Pennhurst</u>, 465 U.S. at 120).

Plaintiff does not cite any authority demonstrating consent by Defendants and agrees to the dismissal of those claims. However, Plaintiff requests that the claims be dismissed without prejudice in order for Plaintiff to pursue a suit on the merits of those claims in state court. Consequently, the Fourth, Fifth, Sixth, Tenth, Eleventh, and Twelfth Claims for Relief of the Complaint are dismissed without prejudice.

    D.  <u>Defendants' Motion to Dismiss With Respect to the Hostile Work Environment Claim</u>

Defendants allege that the Eighth Claim for Relief from the Complaint must be stricken because Plaintiff failed to include such a claim in the Charge of Discrimination filed with the EEOC prior to filing the Complaint. Plaintiff alleges that while the specific words "hostile work environment" were not used in the EEOC Charge of Discrimination, the allegations in the Charge are reasonably related to the claim alleging a hostile work environment and therefore that claim should not be dismissed.

The Third Circuit has stated that "the parameters of the civil action in the district court are

defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . ." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977)(internal and external citations omitted). Furthermore, there need not have been an actual EEOC investigation, and "an action may be pursued for claims which would have been within the scope of a reasonable EEOC investigation if it had occurred." Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 61 (D.N.J. 1996)(citations omitted). Finally, in Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208 (3d Cir. 1984), the Third Circuit reiterated its prior holding "that a district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges . . . ." Id. at 1212.

In Anjelino v. New York Times Co., 200 F.3d 73 (3d Cir. 1999), following this Court's dismissal of appellants' sexual harassment claims for failure to exhaust administrative remedies, the Third Circuit addressed the question whether the appellants' EEOC complaint was worded sufficiently to put the EEOC on notice of appellants' hostile work environment claims. Id. at 93. The Third Circuit reversed this Court, concluding that "appellants' notification of their charges was sufficient because the terms 'abusive,' 'hostile,' 'environment,' and 'atmosphere' have been used interchangeably to describe sexual harassment." Id. at 94-95. Therefore, the court held that "the harassment charge was within the scope of the complaints before the EEOC." Id. at 95.

In Plaintiff's Charge of Discrimination, however, he did not use any terms interchangeable with the component words for a hostile work environment claim. Although the Third Circuit noted that the "EEOC investigation does not set outer limits on the scope of the civil complaint," id. (citing Howze, 750 F.2d at 1212), the record before the Court does not demonstrate what was

uncovered by the EEOC investigation.  The Third Circuit instructed that the district courts should take jurisdiction over that part of a plaintiff's complaint where "a reasonable investigation of the charge as filed would have encompassed" the claim in question.  Hicks v. ABT Assocs., Inc., 572 F.2d 960, 967 (3d Cir. 1978).  However, the district courts must "find that the . . . claims which would have been uncovered were reasonably within the scope of the charge filed with the EEOC.  Otherwise, the charging party could greatly expand an investigation simply by alleging new and different facts when he was contacted by the Commission following his charge."  Id.

Plaintiff fails to convince the Court how either the claim of retaliation or the claim that Defendants' nondiscriminatory reason for terminating him was a pretext is reasonably related to the claim of a hostile work environment.  Although each of those claims are classified under the broad umbrella of discrimination, a retaliation claim could exist without a hostile work environment claim, and vice versa.  Therefore, the Court finds that Plaintiff's hostile work environment claim is outside the scope of a reasonable investigation of the EEOC Charge and the claim is dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss parts of Plaintiff's Complaint is granted. The First, Second, and Third Claims for Relief from Plaintiff's Complaint are dismissed with prejudice and Plaintiff is granted leave to file an amended complaint within twenty (20) days of the entry of the order accompanying this Memorandum Opinion. The Fourth, Fifth, Six, Tenth, Eleventh, and Twelfth Claims for Relief from Plaintiff's Complaint are dismissed without prejudice. The Eighth Claim for Relief from Plaintiff's Complaint is dismissed with prejudice. An appropriate form of order is filed herewith.

Dated:   December 14, 2005

                                                                                             s/ Garrett E. Brown, Jr.
                                                                                             GARRETT E. BROWN, JR., U.S.D.J.